## CAMPBELL et v. MARTIN et.

Ohio Appeals, 4th Dist., Athens Co.

Decided Nov. 14, 1928.

Emmitt Keenan, Athens, for Campbell.
Woolley & Rowland, Athens, for Martin, et.

THOMAS, J.

If this were an action brought by the bank there would perhaps be little difficulty because the bank accepted the note in the form presented, but we are confronted here with a different situation. The record discloses that all the parties involved and other stockholders met in Nelsonville to devise ways and means of financing the oil enterprise after the capital of the company had been exhausted. It was finally decided to make a loan from the bank and as the assets of the company had been exhausted, except some machinery, all the parties well knew that the bank would require individual indorsements. The evidence is conflicting as to the understanding of the parties with reference to the signing, or the promise of Martin to sign, the note. He testifies that he did not sign and did not promise to sign the note individually, while others testify to the contrary. The testimony of the latter is cor-

roborated by circumstances. Martin was actively interested in the enterprise and perhaps had more to do with the organization of the company and the management of its affairs than any of the other sureties. He was fully aware of the financial condition of the company and of the necessity for obtaining the loan, and he gave his personal attention to the execution of the note. He may possibly not have signed the note in the presence of the other indorsers. The evidence on this point is of little weight, because there was no occasion for scrutinizing the instrument and it is not usual to do so, and a long time had elapsed when the witnesses testified. However, the record further shows that Martin paid his part of the interest on the note from time to time, that he looked after the foreclosure of the mortgage given to secure the note and that he advanced money to secure the costs of the proceeding. If he were interested in realizing on the mortgage then he could not have been acting for the company which was the mortgagor.

Our conclusion is that it was the understanding at least that Martin was to share the personal liability on the note, that the idea of signing the same as "Pres. Martin" was an afterthought. For the purposes of this case the word "Pres." may be considered as surplusage and as between the parties to this suit of no effect. It is questionable whether he could have interposed this defense had the bank brought an action on the note. The term "Pres." was only descriptive and for the purpose of identifying the signer and the same as though one should sign as Dr. so and so, or Judge so and so.

Our conclusion is that no reformation would be necesary as the evidence shows that he contracted to sign and did sign the note as an individual.

Middleton, P. J.., and Mauck, J., concur.